UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESIRAE ALLEN,                                              No. 15-12517

              Plaintiff,                          District Judge Terrence G. Berg

v.                                                          Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

_____ /

## REPORT AND RECOMMENDATION

This is a Social Security Disability appeal brought pursuant to 42 U.S.C. § 405(g). Plaintiff Desirae Allen filed her complaint *pro se*. Before the Court is Defendant's Motion to Dismiss [Doc. #14], based on Plaintiff's failure to commence this action within 60 days of the final decision of the Commissioner of Social Security. The motion has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion to dismiss be GRANTED and that the complaint be DISMISSED WITH PREJUDICE.

## I.   FACTS

The Defendant accurately sets forth the procedural history of this case in its motion and the attached Declaration of Patrick J. Herbst, Chief of Court Case Preparation Review Branch 3, Office of Disability Adjudication and Review, Social Security Administration (Defendant's Exhibit Declaration). Additional facts are set forth in the

January 3, 2014 written decision of Administrative Law Judge ("ALJ") Anne Sharrard, also included with the Exhibits.

On January 3, 2014, ALJ Sharrard issued a decision denying Plaintiff's application for  Supplemental Security Income benefits under Title XVI of the Social Security Act. Plaintiff appealed to the Appeals Council, and on March 27, 2015, the Appeals Council mailed Plaintiff a Notice of its action at her address in Detroit, Michigan. *Docket #14-3*. The Notice advised Plaintiff that she had the right to commence a civil action within 60 days of receipt of the Notice. *Id.* Plaintiff filed her complaint on July 15, 2015.

Defendant filed the motion to dismiss on August 20, 2015.  When Plaintiff did not timely respond, I entered an order requiring her to file a response on or before September 22, 2015 [Doc. #15].  To date, she has not responded to the Defendant's motion.

## II.    LEGAL PRINCIPLES

42 U.S.C. §405(g) provides that:

> "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced *within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow*."  (Emphasis added).

Section 405(g) is generally considered the sole avenue for judicial review under the Act.  42 U.S.C. §405(h);  *Heckler v. Ringer*, 466 U.S. 602, 617, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984). Therefore, a plaintiff must file his or her complaint within the 60-day period set forth in the statute.

Together, 20 C.F.R. §§ 404.901 and 422.210(c) provide that the date of mailing, from which the 60 days starts to run, is five days from the date of the notice, which is the presumptive date that a claimant receives the Appeals Council's notice.

The 60-day limit set forth in 42 U.S.C. §405(g) is not jurisdictional, but is a period of limitations subject to equitable tolling in an appropriate case. *Bowen v. City of New York*, 476 U.S. 467, 478, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). However, "in the context of § 405(g), the '[p]laintiff bears the burden of establishing the exceptional circumstances that warrant equitable tolling.'" *Jackson v. Astrue,* 506 F.3d 1349, 1353 (11th Cir.2007) (quoting *Davila v. Barnhart,* 225 F.Supp.2d 337, 339 (S.D.N.Y.2002)). *See also Graham Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 561 (6th Cir.2000) ("federal courts sparingly bestow equitable tolling"). In determining whether to grant equitable tolling, the Court considers the following factors: "(1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Cook v. Comm'r of Soc. Sec.,* 480 F.3d 432, 437 (6th Cir. 2007).

### III.   DISCUSSION

The Appeals Council mailed its Notice of Action to Plaintiff on March 27, 2015. Adding the five days for mailing, the 60-day period to file for judicial review expired on May 31, 2015.  She filed her complaint on July 15, 2015, well over one month late.

It is clear that Plaintiff filed in this Court outside of the 60-day limitations period, and

her complaint must be dismissed unless she can show entitlement to equitable tolling.  Again, it is Plaintiff's burden to establish the "exceptional circumstances that warrant equitable tolling." *Jackson v. Astrue, supra* at 1353. Yet, despite my order to file a response, Plaintiff has not responded to the Defendant's motion, and has not provided this Court with any explanation for the late filing.

Under these circumstances, a lengthy discussion of the five *Cook* factors is not necessary. She had actual notice of the Appeals Council decision and of the requirement that she file her complaint within 60 days of her receipt of that decision. She has not been diligent in pursuing her rights, as evidenced by her failure to respond to the Defendant's motion. Finally, while there may not be specific and articulable prejudice to the Defendant by permitting a late filing, the Court's statement in *Cook*, where the plaintiff filed only one day late, is worth noting:

> "Although allowing Cook to file his complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system." 480 F.3d at 437.

It appears that Plaintiff has abandoned her case. Her complaint should be dismissed.

## IV.   CONCLUSION

For these reasons, I recommend that Defendant's Motion to Dismiss [Doc. #14] be GRANTED and that the complaint be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
United States Magistrate Judge

Dated: October 21, 2015

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on October 21, 2015, electronically and/or by U.S. mail.

s/C. Ciesla
Case Manager